11FITZSIMMONS, Judge,
dissenting, with reasons.
I agree with the majority that an award of sole custody to the father is not in the best interest of the child at this time. *1044 However, based on the record and the findings of the trial judge on the article 134 factors, I believe that the best interest of the child mandates a change of domiciliary parent. I find this change to be necessary because of the seriousness of Mrs. Randolph’s past decisions and behavior, particularly the violent confrontation between Mr. And Mrs. Randolph, with the Randolph child present. The equal sharing of physical custody, and the retention of the holiday schedule, would maintain the continuity of contact by the mother. Designation of the father as domiciliary parent would allow him to provide a stable and responsible influence on the child, and the ability to better monitor her progress at school as well as in the religion chosen by both her parents. It seems clear to me that the “battle of the factors” was won by the father. Are we still settled in the mire of preference for the maternal? For these reasons, I respectfully dissent.